Case No. 24-30009

---

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

MANUEL TIJERINO
*Plaintiff – Appellant*

v.

ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND
*Defendant - Appellee*

---

On Appeal from the United States District Court
for the Eastern District of Louisiana
Civil Action No. 2:21-cv-00907-JTM-DMD
The Honorable Jane Triche Milazzo

---

**BRIEF OF APPELLEE
ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**

---

Respectfully submitted,

*/s/ Amy L. McIntire*

Amy L. McIntire, Bar No. 35241
Rosalie M. Haug, Bar No. 33720
*Appeal Counsel*
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre,
1100 Poydras Street
New Orleans, LA  70163-2300
Telephone:  (504) 585-7009
Telefax: (504) 544-6092
Email:  mcintire@chaffe.com
haug@chaffe.com
***Attorneys for Administrators of the
Tulane Educational Fund***

#5251825v1

# <u>CERTIFICATE OF INTERESTED PERSONS</u>

Undersigned Counsel certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.  Pro Se Plaintiff-Appellant:  Manuel Tijerino

2.  Defendant-Appellee: Administrators of the Tulane Educational Fund

3.  District Court Counsel for Plaintiff-Appellant: Manuel Tijerino: Gregory J. Miller of Miller, Hampton & Hilgendorf Law Firm, 3960 Government St, Baton Rouge, LA 70806

4.  Counsel for Defendant-Appellee Administrators of the Tulane Educational Fund: Amy L. McIntire and Rosalie M. Haug of Chaffe McCall LLP, 1100 Poydras St # 2300, New Orleans, LA 70163

*/s/ Amy L. McIntire*  
Amy L. McIntire  
*Attorney for The Administrators*  
*of the Tulane Educational Fund*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is neither necessary nor helpful in this appeal, which involves well-settled principles of law under the Federal Rules of Civil Procedure and presents no novel legal or factual issues.

On December 6, 2022, the District Court correctly granted summary judgment in favor of defendant-appellee The Administrators of the Tulane Educational Fund ("Tulane") and dismissed all of plaintiff-appellant Manuel Tijerino's claims, which were based on the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*[1]  That final judgment is not on appeal here.

Almost one year later, Tijerino then filed a Motion for Leave to Amend Complaint Pursuant to Rule 60, which the District Court construed as a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) and correctly denied.[2]  That is the only decision that is on appeal here.  But well-established controlling law and the underlying record fully support the District Court's decision not to set aside the final judgment in favor of Tulane.  For these reasons, Tulane avers that this appeal can and should be decided without oral argument.

---

[1] ROA.312-320 (MSJ Order and Reasons); ROA.321 (Judgment).
[2] ROA.333-410 (Motion for Leave); ROA.423-426 (Order and Reasons).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ............................................... i

STATEMENT REGARDING ORAL ARGUMENT ................................... ii

TABLE OF CONTENTS ........................................................................... iii

TABLE OF AUTHORITIES ........................................................................ v

JURISDICTIONAL STATEMENT ................................................... 1

STATEMENT OF ISSUES ............................................................... 2

STATEMENT OF THE CASE ......................................................... 3

I.  Tulane properly terminated Tijerino's employment. ................................ 3

II. The District Court dismissed Tijerino's FMLA claims with prejudice
    on summary judgment. ............................................................... 7

III. Tijerino moved for relief from final judgment under Rule 60(b) ............ 8

IV. The District Court correctly denied Tijerino's Rule 60(b) motion. ......... 9

SUMMARY OF THE ARGUMENT ........................................................ 10

ARGUMENT ...................................................................................... 11

I.  An abuse of discretion standard of review applies. .................................. 11

II. The District Court properly denied Tijerino's Rule 60(b) motion........... 12

III. Tijerino's allegations of fraud pertained to the underlying merits of his
    case, not to his request for relief under Rule 60(b)................................ 15

    A. Tulane did not engage in any fraud or misconduct ............................ 17

B. Tijerino offers no evidence that he was prevented from fully and fairly presenting his case....................................................................... 21

IV. The Court should disregard all references to "consumer rights violations" and the FMLA. ................................................................... 23

CONCLUSION ......................................................................................... 26

CERTIFICATE OF SERVICE .................................................................. 27

CERTIFICATE OF COMPLIANCE ......................................................... 28

# TABLE OF AUTHORITIES

## Cases

*Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668
(5th Cir.1981) .................................................................................................22

*Amsel v. Texas Water Dev. Bd.*, 464 F. App'x 395, 400 (5th Cir. 2012) ...............24

*Baham v. McLane Foodservice, Inc.*, 431 F. App'x 345, 348 (5th Cir. 2011) ........26

*Borne v. River Pars. Hosp., L.L.C.*, 548 F. App'x 954, 956 (5th Cir. 2013) ..........20

*Brady Nat'l Bank v. Gulf Ins. Co.*, 94 F. App'x 197, 205 (5th Cir. 2004)...............16

*Brittingham v. Wells Fargo Bank, N.A.,* 543 F. App'x 372, 374
(5th Cir. 2013) ...............................................................................................14

*Curtis v. Brunsting*, 860 F. App'x 332, 336 (5th Cir. 2021) ....................................17

*Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) ...............................................12

*Eaglin v. Tex. Children's Hosp.*, 801 F. App'x 250, 256 (5th Cir. 2020)................24

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ................13

*Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 212 (5th Cir. 2015) ...........25

*Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004).......................18

*Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018).................15

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) .............. 12, 20, 21

*In re Bustos*, No. MC 23-532, 2023 WL 5751136, at *2
(E.D. La. Sept. 6, 2023) .................................................................................14

*Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) .........................................17

*James v. Rice Univ.*, 80 F. App'x 907, 911 (5th Cir. 2003) .....................................13

*Jarjoura v. Ericsson, Inc.*, 266 F. Supp. 2d 519, 530 (N.D. Tex.),
    *aff'd*, 82 F. App'x 998 (5th Cir. 2003)........................................................24

*Long v. James*, 667 F. App'x 862, 863–64 (5th Cir. 2016)......................................14

*Morris v. Lumpkin*, 850 F. App'x 318, 318-19 (5th Cir. 2021) .............................17

*Mozingo v. Oil States Energy, Inc.*, 661 F. App'x 828, 830-31 (5th Cir. 2016) .....24

*Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437
    (5th Cir. 2018)...........................................................................................14

*Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) ...........................17

*Saragusa v. Countrywide Home Loans, Inc.*, 707 F. App'x 797, 798
    (5th Cir. 2017)...........................................................................................21

*Singh v. Wal-Mart Stores, Inc.*, No. 1:17-CV-1120-RP-ML,
    2020 WL 13660317, at *3 (W.D. Tex. June 10, 2020) ........................21

*Solis v. Dretke*, 436 F. App'x 303, 305 (5th Cir. 2011) ..........................................18

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*,
    200 F.3d 307, 316–17 (5th Cir. 2000) ...............................................25

*Su v. Wilmington Tr., Nat'l Ass'n*, 839 F. App'x 884, 887 (5th Cir. 2021) ...... 11, 12

*Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744-745
    (5th Cir. 2009)...........................................................................................14

*Tu Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 335 (5th Cir. 2013) ..............17

*United States v. Davison*, 509 F. App'x 330, 332 (5th Cir. 2013).................... 11, 23

*Wolf v. City of Port Arthur*, No. 23-40528, 2024 WL 1504341, at *1
    (5th Cir. Apr. 8, 2024) ....................................................................... 15, 16

**Statutes**

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 1331 ..............................................................................................1

29 U.S.C. § 2617(c) .......................................................................................24

Family and Medical Leave Act, 29 U.S.C. § 2601 ................................... ii, 1

**Rules**

Federal Rule of Civil Procedure 60 ...................................... 1, 2, 11, 15, 16

Federal Rule of Civil Procedure 60(b)........................................ ii, 11, 12, 13, 20, 23

Rule 25(b) and (c) of the Federal Rules of Appellate Procedure .............................27

Rule 59(b)........................................................................................................14

Rule 60(b)(1) ........................................................................... 9, 10, 13, 14

Rule 60(b)(2) .................................................................................. 9, 10, 14

Rule 60(b)(3) .............................................. 10, 11, 15, 16, 17, 18, 20, 21

# JURISDICTIONAL STATEMENT

The District Court had federal-question jurisdiction in this action under 28 U.S.C. § 1331 and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* This Court has appellate jurisdiction under 28 U.S.C. § 1291.

On December 6, 2022, the District Court granted Tulane's Motion for Summary Judgment and entered a final judgment dismissing Tijerino's claims with prejudice.[3] On October 30, 2023, Tijerino filed a Motion for Leave to Amend Complaint Pursuant to Rule 60, which the District Court construed as a motion for relief from final judgment under Federal Rule of Civil Procedure 60 and denied on December 11, 2023.[4] On January 7, 2024, Tijerino filed a Notice of Appeal of that denial to this Honorable Court.[5]

---

[3] ROA.312-320 (MSJ Order and Reasons); ROA.321 (Judgment).
[4] ROA.333-410 (Motion for Leave); ROA.423-426 (Order and Reasons).
[5] ROA.427 (Notice of Appeal).

# STATEMENT OF ISSUES

1.  Whether the District Court erred by denying Tijerino's motion for relief from final judgment under Federal Rule of Civil Procedure 60 for failing to identify any exceptional circumstances that would justify reopening his case and setting aside the final judgment rendered in favor of the Administrators of the Tulane Educational Fund.

## STATEMENT OF THE CASE

This case arises from appellee Tulane's decision to terminate the employment of appellant Manuel Tijerino for misuse of a Tulane-issued credit card and repeated violations of Tulane's policies and procedures. Specifically, Tulane terminated Tijerino for (1) charging nearly $900 in personal expenses to a Tulane-issued credit card and repeatedly refusing Tulane's instructions to pay the money back; (2) failing to report to work; and (3) informing his supervisor via e-mail that he had unilaterally decided to work remotely full-time going forward – an unapproved arrangement that violated Tijerino's job requirements and Tulane policy. Tijerino sued Tulane for wrongful termination under the Family and Medical Leave Act ("FMLA"). After discovery, the District Court correctly dismissed Tijerino's claims and granted summary judgment for Tulane. Nearly a year later, Tijerino filed a Rule 60(b) motion asking the District Court to set aside its final judgment and re-open his case. The District Court correctly denied that motion. Tijerino now appeals that denial.

## I.     Tulane properly terminated Tijerino's employment.

Although immaterial to the District Court's denial of Tijerino's Rule 60(b) motion, Tulane will briefly set forth the background of Tijerino's underlying FMLA lawsuit. In August 2017, Tijerino began working for Tulane as an IT employee.[6]

---

[6] ROA.312.

As a condition of employment, Tulane required Tijerino to relocate from Iowa to Louisiana to begin his in-office job duties.[7] In 2018, Tijerino's wife and children returned to Iowa to sell the couple's real estate and decided to remain there after Tijerino's wife learned she was pregnant.[8] In January 2019, Tijerino requested permission from his supervisor to work remotely part time so that he could be with his wife in Iowa, and Tijerino and his supervisor reached an agreement in which he was allowed to work remotely on certain pre-approved Thursdays and Fridays.[9]

At that same time, Tijerino began misusing a Tulane-issued credit card.[10] Tulane offers employees who travel as part of their job responsibilities the option to apply, through Tulane, for a JPMorgan Chase Corporate Travel & Entertainment Visa Card (the "T&E Card") so that certain work-related travel and entertainment expenses can be charged directly to Tulane.[11] Tulane's Corporate Travel & Entertainment Card Policies & Procedures prohibit employees from using a Tulane T&E card to make personal purchases.[12] On January 23, 2019, Tijerino used his Tulane T&E Card as collateral to rent a U-Haul for his personal use.[13]

---

[7] ROA.312.
[8] ROA.312.
[9] ROA.312-13.
[10] ROA.230 (Declaration of Catt, ¶¶ 8-10).
[11] ROA.230 (Declaration of Catt, ¶ 6).
[12] ROA.230 (Declaration of Catt, ¶ 7); ROA.205-208 (T&E Card Policies and Procedures).
[13] ROA.316 (MSJ Order and Reasons, p. 5); ROA.134, 147-150 (Depo. of Tijerino, p. 70:3-81:24, 113:20-116:7).

Although Tijerino maintained that he intended to use the T&E Card only as collateral to secure the vehicle, U-Haul charged the rental fee of $919.91 to the T&E Card.[14] Because Tijerino had been given a damaged and unusable U-Haul vehicle, he disputed the $919.91 charge with J.P. Morgan, the T&E Card underwriter.[15] He also separately requested a refund from U-Haul.[16] Tijerino did not provide Tulane's Corporate Card Administrator with the requisite prior notice before disputing the charge, itself a separate violation of Tulane's Corporate Travel & Entertainment Card Policies & Procedures.[17]

In response to Tijerino's dispute, J.P. Morgan issued a refund to the Tulane T&E Card in the amount of $919.91, negating the rental fee charge.[18] Unbeknownst to J.P. Morgan, U-Haul also issued a refund, thereby creating a positive balance of $919.91.[19] Rather than report the erroneous duplicate refund, Tijerino believed that it was his own free money that could be spent like "a gift card."[20] He continued to use the Tulane T&E Card for a series of personal purchases totaling $840.41, hopeful

---

[14] ROA.150 (Depo. of Tijerino, p. 116:8-22).
[15] ROA.153-154 (Depo. of Tijerino, p. 134:5-135:17).
[16] ROA.316-317 (MSJ Order and Reasons, p. 5-6); ROA.155 (Depo. of Tijerino, p. 136:7-12).
[17] ROA.207 (Card Policies & Procedures).
[18] ROA.153-154 (Depo. of Tijerino, p. 134:5-135:17).
[19] ROA.316-317 (MSJ Order and Reasons, p. 5-6); ROA.154-156 (Depo. of Tijerino, p. 135:16-21, 136:7-137:19).
[20] ROA.163 (Depo. of Tijerino, p. 154:1-16).

that those purchases would be charged against the duplicate refund.[21]

But J.P. Morgan withdrew its refund when it learned that U-Haul had separately resolved Tijerino's dispute.[22] Because there was no "free money" to cover Tijerino's personal purchases, the T&E Card reflected an owed balance of $840.41, which Tulane learned of during a routine review of expense reports.[23] Once Tulane determined that the $840.41 balance reflected charges for personal purchases, Tulane requested that Tijerino issue a check to cover the charges.[24]

Tijerino refused to reimburse Tulane for his personal charges on the T&E Card and accused Tulane Assistant Controller Jason Catt of "interfering" with his "chargeback," thereby depriving him of the "free money," because Catt was the one to request that Tijerino reimburse Tulane.[25] The issue was then elevated to Tulane's Internal Audit Unit for review.[26] The Internal Audit Unit confirmed that Tijerino had violated Tulane's policies, and on April 29, 2019, a Tulane Human Resources representative recommended that Tijerino be terminated.[27]

---

[21] ROA.317 (MSJ Order and Reasons, p. 6); ROA.156-157, 161-163, 172-173 (Depo. of Tijerino, p. 137:4-10, 138:1-23, 152:14-154:16, 167:1-168:19).
[22] ROA.317 (MSJ Order and Reasons, p. 6); ROA.159 (Depo. of Tijerino, p. 140:16-17).
[23] ROA.230 (Declaration of Catt, ¶ 8).
[24] ROA.317 (MSJ Order and Reasons, p. 6); ROA.230-231 (Declaration of Catt, ¶ 10-13); ROA.209-210 (Email and Expense Spreadsheet).
[25] ROA.158-158 (Depo. of Tijerino, p. 139:4-140:18); 211 (E-Mail).
[26] ROA.317 (MSJ Order and Reasons, p. 6); ROA.231 (Declaration of Catt, ¶ 14).
[27] ROA.317 (MSJ Order and Reasons, p. 6); ROA.226-227 (Declaration of Schwankhart, ¶ 11-15); ROA.212 (Email).

On April 30, 2019, one day after Tulane Human Resources recommended that Tijerino be terminated but before Tijerino was informed of the decision by his supervisor who was out of town, Tijerino failed to report to work without warning so that he could drive to Iowa.[28] The day he left, Tijerino informed his supervisor via email that he would "be working remote" full-time going forward – even though Tulane had not (and would not have) approved Tijerino to work remotely full time.[29] Moreover, Tijerino testified that he spent the next few days driving to Iowa, even though he had not requested time off or told anyone that he would not be performing his job duties while doing so.[30] On May 6, 2019, Tulane terminated Tijerino's employment for (1) misusing a Tulane-issued credit card; (2) failing to report to his worksite beginning April 30th; and (3) attempting to work remotely full-time without permission.[31] Tijerino sued Tulane claiming he never received notice of his FMLA rights and for wrongful termination under the FMLA.[32]

## II.    The District Court dismissed Tijerino's FMLA claims with prejudice on summary judgment.

On December 5, 2022, the District Court granted Tulane's case dispositive motion for summary judgment and dismissed all of Tijerino's claims with

---

[28] ROA.293 (Depo. of Tijerino, p. 225:3-10).
[29] ROA.180 (Depo. of Tijerino, p. 208:5-19); ROA.225 (Declaration of Schwankhart, ¶ 5).
[30] ROA.183, 293 (Depo. of Tijerino, p. 213:18-25, 225:3-10).
[31] ROA.227-228 (Declaration of Schwankhart, ¶ 18, 24).
[32] ROA.7-9 (Complaint).

prejudice.[33]  The District Court first ruled that Tijerino's claim that Tulane violated the FMLA's notice requirements was time-barred.[34]  Second, the District Court dismissed his claim for wrongful termination under the FMLA because Tulane had established that his termination was proper.[35]  Tulane had presented uncontroverted evidence that Tijerino was terminated because (1) he used a Tulane-issued credit card for personal purchases; (2) he failed to follow the requisite policies to request time off; and (3) he unilaterally decided without permission to work remotely, even though he held an in-office position.[36]  Tijerino did not timely file a Motion for Reconsideration under Rule 59, nor did he timely appeal the District Court's final judgment dismissing all of his claims with prejudice.

## III.  Tijerino moved for relief from final judgment under Rule 60(b).

On October 30, 2023, almost a year after final judgment was entered in favor of Tulane, Tijerino filed a "Motion for Leave to Amend Complaint Pursuant to Rule 60."[37]  Tijerino primarily used his motion to rehash his dismissed FMLA claims.[38]  Tijerino also requested that, pursuant to Rule 60(b)(1), his case be re-opened because his attorney had mis-calendared, and therefore missed, the deadline to file a Rule 59

---

[33] ROA.312-320 (MSJ Order and Reasons).
[34] ROA.321 (Final Judgment); ROA.314-315 (MSJ Order and Reasons, p. 3-4).
[35] ROA.316-320 (MSJ Order and Reasons, p. 5-9).
[36] ROA.316-318 (MSJ Order and Reasons, p. 5-7).
[37] ROA.333-361 ("Motion for Leave").
[38] ROA.333-361 ("Motion for Leave").

motion.[39]  Tijerino also claimed that he had only recently been able to obtain a copy of his deposition transcript, which he characterized as containing newly-discovered evidence.[40]

**IV.    The District Court correctly denied Tijerino's Rule 60(b) motion.**

Construing Tijerino's "Motion for Leave to Amend Complaint" as seeking relief from final judgment under Rule 60(b)(1) and Rule 60(b)(2), the District Court correctly held Tijerino failed to establish the existence of any unique circumstances justifying relief under Rule 60(b).[41]  While the vast majority of Tijerino's Rule 60(b) motion attempted to re-litigate the merits of his underling FMLA claims,[42] the District Court identified, at most, two arguable foundations for a Rule 60(b) motion: (1) allegations of "ineffective" representation by his attorney and (2) Tijerino's recent receipt of "new evidence" in the form of his own deposition transcript.[43] Citing to controlling Fifth Circuit law, the District Court correctly held that "[n]either of the aforementioned reasons justify relief under Rule 60(b)" and denied Tijerino's motion.[44]  It is this denial that now forms the basis of Tijerino's appeal.

---

[39] ROA.334, 357 ("Motion for Leave," p. 2, 25).
[40] ROA.356-357 ("Motion for Leave," p. 24-25).
[41] ROA.425-246 (Order and Reasons, p. 3-4).
[42] ROA.333-410.
[43] ROA.425; ROA.356-357.
[44] ROA.423-426.

## SUMMARY OF THE ARGUMENT

Appellant Tijerino cannot establish that the District Court abused its vast discretion by denying him the extraordinary relief provided by Federal Rule of Civil Procedure 60(b). The District Court was not required to reconsider the merits of Tijerino's case to rule on his "Motion for Leave to Amend Complaint Pursuant to Rule 60," which was construed as a request for relief from final judgment under Rule 60. The District Court correctly held that he had failed to establish any basis for relief under Rule 60(b). The only allegations of "fraud" Tijerino asserted either before the District Court or on appeal pertain to the underlying facts of his claims, which were properly dismissed. On appeal, Tijerino failed to offer any law or argument suggesting that Rule 60(b)(3) warrants relief. Nor did Tijerino establish that the District Court improperly denied his "Motion for Leave" under Rule 60(b)(1) or Rule 60(b)(2). This Honorable Court should affirm the District Court's ruling denying Tijerino relief from the final judgment entered in favor of Tulane.

## ARGUMENT

The only issue before this Court is whether the District Court abused its discretion by denying Tijerino's motion for relief from final judgment under Federal Rule of Civil Procedure 60.[45]   The District Court did not.   The District Court correctly held that Rule 60 does not permit litigants a second chance to argue their case and that Tijerino had failed to demonstrate the existence of any exceptional circumstances that would entitle him to relief under Rule 60(b).[46]   Tijerino appealed the District Court's denial, claiming that the District Court erred by failing to address his purported claim for relief based on fraud, misrepresentation, or misconduct by Tulane (which Tulane adamantly denies) under Rule 60(b)(3).   However, the only allegations of fraud Tijerino raised either before the District Court or on appeal pertain to the merits of his underlying claims, and do not support relief under Rule 60(b).

## I.      An abuse of discretion standard of review applies.

This Court reviews denials of a Rule 60(b) motion for abuse of discretion.  *Su v. Wilmington Tr., Nat'l Ass'n*, 839 F. App'x 884, 887 (5th Cir. 2021).   "For the appellant to prevail under this standard, it is not enough that the granting of relief

---

[45] The District Court's final judgment granting Tulane's motion for summary judgment and dismissing Plaintiff's claims with prejudice is not on appeal. *See United States v. Davison*, 509 F. App'x 330, 332 (5th Cir. 2013) ("An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." (quote omitted)).

[46] ROA.423-426 (Order and Reasons).

might have been permissible, or even warranted; denial must have been so unwarranted as to constitute an abuse of discretion." *Id.* (quote omitted). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quote omitted). Even when the District Court does not provide reasons for denying a Rule 60(b) motion, this Court may affirm "upon any basis supported by the record." *Su*, 839 F. App'x at 887 (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). Here, the District Court's reasons for denying Tijerino's motion were correct, and the District Court certainly did not abuse its discretion by holding that Tijerino was not entitled to relief under Rule 60(b).

## II.   The District Court properly denied Tijerino's Rule 60(b) motion.

In ligating his Rule 60(b) motion before the District Court, Tijerino asserted "two reasons in support of reopening his case and setting aside the judgment in favor of [Tulane]: (1) his attorney's ineffective representation; and (2) new evidence."[47] Specifically, Tijerino argued that his attorney failed to present all of the relevant evidence in opposition to Tulane's Motion for Summary Judgment and mistakenly

---

[47] ROA.425. The vast majority of Tijerino's Rule 60 motion attempted to re-litigate the merits of his underling FMLA claim. ROA.333-410. Construing the motion most favorably to Tijerino, the District Court identified, at most, only two arguable foundations for a Rule 60(b) motion: (1) allegations of "ineffective" representation and (2) Tijerino's own recent receipt of his deposition transcript. ROA.425; ROA.356-357.

missed the deadline to file a Rule 59 motion after summary judgment was granted.[48]

Second, Tijerino argued that he had "new evidence" because he (Tijerino) had only recently obtained a copy of his own deposition transcript.[49] The District Court correctly held that "[n]either of the aforementioned reasons justify relief under Rule 60(b)."[50]

First, the District Court correctly applied this Court's controlling precedent to find that the alleged mistakes by Tijerino's attorney do not justify Rule 60(b) relief:

> The Fifth Circuit makes clear that carelessness or negligence on the part of a party's counsel is not sufficient for relief under Rule 60(b). [*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* "[W]ere this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency . . . [the] meaningful finality of judgment[s] would largely disappear." *James v. Rice Univ.*, 80 F. App'x 907, 911 (5th Cir. 2003) (affirming denial of Rule 60 motion when attorney's mistakes resulted in dismissal of the plaintiff's claim for want of prosecution).[51]

The District Court's analysis was consistent with controlling law. The Fifth Circuit has repeatedly held that "[c]alendaring errors and mistakes about deadlines qualify as a careless mistake of counsel," not as "excusable neglect" for purposes of Rule

---

[48] ROA.425.
[49] ROA.425.
[50] ROA.425.
[51] ROA.425.

60(b)(1). *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018); *see also Brittingham v. Wells Fargo Bank, N.A.,* 543 F. App'x 372, 374 (5th Cir. 2013) (per curiam) ("calendar error" is not excusable neglect).

Similarly, the District Court correctly rejected Tijerino's second basis for relief—that he had obtained "new evidence" in the form of a copy his own deposition transcript:

> Rule 60(b)(2) limits relief on the basis of new evidence to evidence that "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Plaintiff's deposition transcript surely does not meet this requirement. As a participant in the deposition, Plaintiff should have been aware of the evidence elicited therein, and his attorney could have with reasonable diligence obtained a transcript thereof in time to oppose Defendant's Motion for Summary Judgment. *See In re Bustos*, No. MC 23-532, 2023 WL 5751136, at *2 (E.D. La. Sept. 6, 2023). Finally, Plaintiff has failed to provide "specific evidence in his motion for relief that he ha[s] a 'fair probability of success on the merits' if the judgment were set aside, and thus relief under Rule 60(b)(1) would be improper." *Long v. James*, 667 F. App'x 862, 863–64 (5th Cir. 2016).[52]

Again, the District Court's analysis was consistent with controlling law. *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744-745 (5th Cir. 2009) (affirming denial of Rule 60(b) motion and rejecting movant's argument that a recently obtained deposition transcript was "newly discovered evidence" for purposes of Rule 60(b)(2)). [53]

---

[52] ROA.426.

[53] Tijerino's attorney apparently had a copy of Tijerino's deposition transcript prior to his deadline to oppose Tulane's motion for summary judgment, but did not provide it to Tijerino. ROA.357.

On appeal, Tijerino again attempts to improperly re-litigate the underlying merits of his dismissed FMLA claim and offers little authority or argument as to why the District Court erred in denying his Rule 60(b) motion.[54] *Wolf v. City of Port Arthur*, No. 23-40528, 2024 WL 1504341, at \*1 (5th Cir. Apr. 8, 2024) (dismissing pro se appeal of Rule 60 where appellant, like Tijerino, "focuses on the merits of her underlying complaint"). While Tijerino briefly repeats his complaints about his attorneys' alleged ineffectiveness and the newly-obtained deposition transcript, he has offered no authority or argument to rebut the controlling law cited by the District Court. And controlling law evidences that the District Court did not err.

**III. Tijerino's allegations of fraud pertained to the underlying merits of his case, not to his request for relief under Rule 60(b).**

On appeal, Tijerino now argues that he is entitled to relief under Rule 60(b)(3) and that the District Court erred by not granting his Rule 60(b) motion on the basis that "fraud [was] committed on the Court." "To prevail on a Rule 60(b)(3) motion, a party must establish, by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hernandez v. Results*

---

Regardless, Tijerino offers no explanation as to how his personal possession of his deposition transcript would have changed the District Court's grant of summary judgment (it would not have). ROA.357. This is particularly true since Tijerino submitted his own 5-page declaration to oppose Tulane's motion for summary judgment; he obviously had a chance to get his sworn testimony considered in opposition. ROA.261-265.

[54] Appellant Brief, at p. 1-11.

*Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018) (quote omitted).

As an initial matter, Tijerino did not invoke Rule 60(b)(3) to the District Court or argue that the final judgment should be set aside due to fraud on the Court.[55] Any argument of fraud or relief based on Rule 60(b)(3) is therefore waived, and the Court need not consider it any further. *Brady Nat'l Bank v. Gulf Ins. Co.*, 94 F. App'x 197, 205 (5th Cir. 2004) ("Arguments not raised in district court are waived, because this court does not hear arguments raised for the first time on appeal.").

Nevertheless, Tulane will address the allegations of "fraud" raised by Tijerino on appeal. Here, it appears that Tijerino is attempting to characterize as "fraud" Tulane's response to Tijerino's own misuse of a Tulane-issued credit card during his employment—all of which was litigated at summary judgment. He further mischaracterizes Tulane's summary judgment argument that misuse of a corporate credit card is a legitimate non-discriminatory reason for termination under the FMLA as the alleged fraud upon the Court. This is another improper attempt by Tijerino to relitigate the merits of his FMLA claim. *Wolf v. City of Port Arthur*, No. 23-40528, 2024 WL 1504341, at *1 (5th Cir. Apr. 8, 2024) (dismissing pro se appeal of Rule 60 where appellant, like Tijerino, "focuses on the merits of her underlying complaint"). And neither allegation forms a basis for relief under Rule 60(b)(3).

---

[55] ROA.333-410.

**A. Tulane did not engage in any fraud or misconduct.**

Although Tijerino continues to disagree with J.P. Morgan's decision to withdraw a duplicate refund on the Tulane T&E card that was improperly used by Tijerino for personal purchases, such action by a third party certainly does not mean that Tulane engaged in "fraud" as defined by Rule 60(b)(3) (or at all).

"Fraud under Rule 60(d)(3) embrace the species of fraud which does or attempts to defile the court itself." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (quote omitted and cleaned up). As this Circuit recently reiterated, "'[g]enerally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court.'" *Curtis v. Brunsting*, 860 F. App'x 332, 336 (5th Cir. 2021) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)); *see also Morris v. Lumpkin*, 850 F. App'x 318, 318-19 (5th Cir. 2021) (complaint that "defendants provided incomplete and misleading documents in support of their summary judgment motion" did not constitute fraud within meaning of Rule 60(b)(3)); *Tu Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 335 (5th Cir. 2013) ("vague statement that [appellant] did not agree to the motion to dismiss with prejudice" not sufficient to establish fraud under Rule 60(b)(3)).

Tulane absolutely did not engage in any such improper behavior during the pendency of this litigation – nor does Tijerino even claim that Tulane did so. Rather, Tijerino's allegations of "fraud" are entirely based on his disagreement with the way the credit card dispute was handled by J.P Morgan, which is both irrelevant to his FMLA claims and precisely the sort of factual dispute not appropriate for resolution under Rule 60(b)(3). *See, e.g., Solis v. Dretke*, 436 F. App'x 303, 305 (5th Cir. 2011) ("evidence Solis submitted in support of his claim that he did not refuse treatment merely showed the existence of a factual dispute, and was insufficient to show by clear and convincing evidence that the Martinez report was fraudulent or contained misrepresentations"); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004) (a party "may not use a Rule 60(b) motion as an occasion to relitigate its case"). Tulane cannot use the underlying Rule 60(b) motion or this appeal to contest the validity of J.P. Morgan's withdrawal of a duplicate refund for Tijerino's personal charges that never should have been placed on the T&E card to begin with.

Tulane strenuously disputes Tijerino's suggestion that Tulane committed fraud of any kind. The undisputed facts clearly demonstrate that Tulane did not commit any acts of fraud. To the contrary, as the District Court held, it was Tijerino who repeatedly misused the "T&E Card".[56]

---

[56] ROA.316-317 (MSJ Order and Reasons, p. 5-6).

For instance, Tijerino first violated Tulane's polices by using a Tulane T&E Card as collateral to rent a U-Haul for his personal use.[57] When U-Haul charged the balance of the rental to the T&E Card in the amount of $919.91, Tijerino again violated Tulane's polices by disputing the charge with both U-Haul and J.P. Morgan, the T&E Card underwriter, without first giving notice to a Tulane Corporate Card Administrator.[58]

U-Haul and J.P. Morgan both issued refunds to the Tulane T&E Card in response to Tijerino's multiple disputes, which not only restored the card balance to zero but also created an excess credit of $919.91.[59] Rather than report the erroneous duplicate refund, Tijerino believed that it was free money that could be spent "like a gift card" and continued to use the Tulane T&E Card for a series of personal purchases totaling $840.41, apparently under the assumption that those purchases would be charged against the duplicate refund.[60]

However, J.P. Morgan withdrew its refund when it learned that U-Haul had separately resolved Tijerino's dispute.[61] Because there was no "free money" to

---

[57] ROA.316 (MSJ Order and Reasons, p. 5); ROA.134, 147-150 (Depo. of Tijerino, p. 70:3-81:24, 113:20-116:7).
[58] ROA.316-317 (MSJ Order and Reasons, p. 5-6); ROA.155 (Depo. of Tijerino, p. 136:7-12); ROA.207 (Card Policies & Procedures).
[59] ROA.316-317 (MSJ Order and Reasons, p. 5-6); ROA.155-156 (Depo. of Tijerino, p. 136:7-137:190).
[60] ROA.317 (MSJ Order and Reasons, p. 6); ROA.156-157, 161-163, 172-173 (Depo. of Tijerino, p. 137:4-10, 138:1-23, 152:14-154:16, 167:1-168:19).
[61] ROA.317 (MSJ Order and Reasons, p. 6); ROA.159 (Depo. of Tijerino, p. 140:16-17).

cover Tijerino's personal purchases the T&E Card reflected a balance of $840.41, as Tulane learned during a routine review of expense reports.[62] Once Tulane determined that the $840.41 balance reflected charges for personal purchases, Tijerino was asked to issue a check to cover the charges for his personal purchases.[63] Tijerino refused, and the issue was elevated to Tulane's Internal Audit Unit for review.[64] The Internal Audit Unit confirmed that Tijerino had violated Tulane's policies, at which point a Tulane's Human Resources representative recommended that he be terminated.[65]

While Tijerino apparently disputes this account, a "motion under Rule 60(b). . . is an improper vehicle for . . . reasserting arguments on the merits of a claim." *Borne v. River Pars. Hosp., L.L.C.*, 548 F. App'x 954, 956 (5th Cir. 2013); *see also Hesling*, 396 F.3d at 641 ("Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.") (quote omitted).

That Tijerino disagrees with the conclusions of fact the District Court drew from the evidence presented on summary judgment does not mean that Tulane perpetuated an egregious fraud, nor does it require this Honorable Court to find that the District Court abused its discretion by denying Tijerino relief under Rule 60(b).

---

[62] ROA.229-231 (Declaration of Catt, ¶8).
[63] ROA.317 (MSJ Order and Reasons, p. 6); ROA.229-231 (Declaration of Catt, ¶10-13); ROA.209-210 (Email and Expense Spreadsheet).
[64] ROA.317 (MSJ Order and Reasons, p. 6); ROA.229-231 (Declaration of Catt, ¶14).
[65] ROA.317 (MSJ Order and Reasons, p. 6); ROA.212 (Email).

The District Court was not required to consider Tijerino's arguments as to the merits of his claims to determine that Tijerino was not entitled to relief under Rule 60(b). Nor can Tijerino reframe Tulane's argument that Tijerino's misuse of the Tulane T&E Card was a legitimate, non-discriminatory reason for termination as fraud on the Court. The "advocacy of a plausible legal position without more unequivocally is not fraud on the court." *Singh v. Wal-Mart Stores, Inc.*, No. 1:17-CV-1120-RP-ML, 2020 WL 13660317, at *3 (W.D. Tex. June 10, 2020). This Court should hold that the District Court did not abuse its discretion and affirm the denial of Tijerino's Rule 60(b) motion.

## B. Tijerino offers no evidence that he was prevented from fully and fairly presenting his case.

Tijerino also failed to demonstrate that he was prevented from fully and fairly presenting his case, which precludes relief under Rule 60(b)(3). *See, e.g., Hesling*, 396 F.3d at 642 (affirming denial of Rule 60(b)(3) motion because "the failure to produce the documents did not affect how [appellant's] case was presented to the court"); *Saragusa v. Countrywide Home Loans, Inc.*, 707 F. App'x 797, 798 (5th Cir. 2017) (district court did not abuse discretion by denying Rule 60(b)(3) motion when appellant "did not present any evidence that the defendants obtained a favorable judgment by means of fraud or misrepresentation or otherwise prevented her from 'fully and fairly presenting [her] case'"). Tijerino's appeal should be denied for this reason as well.

A Rule 60(b) motion in which a movant "alleged no facts indicating that the issues raised were not open to litigation in the former action or that he was denied a fair opportunity to make his claim or defense in that action" cannot succeed. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668 (5th Cir.1981). Tijerino clearly asserted, in opposition to Tulane's motion for summary judgment, that he was entitled to keep the keep the duplicate refund under federal consumer laws.[66] His testimony about his belief that his "chargeback" was protected by federal consumer laws was submitted as summary judgment evidence, and the District Court acknowledged this argument in its Order and Reasons granting Tulane summary judgment.[67]

Tijerino further argued in his opposition that Tulane should not be allowed to rely on his misuse of the T&E Card as a legitimate, non-discriminatory reason for discrimination because it was actually pretext for retaliation.[68] Tijerino reasserts the same argument here, but recasts his pretext argument as "fraud on the court." Regardless, this argument was clearly presented to, and rejected by, the District Court at summary judgment, which held that Tijerino failed to show how Tulane's "decision to terminate him for his misuse of the corporate card was a pretext for

---

[66] ROA.252-253, ROA.259 (Opposition to MSJ, p. 5-6, 12); ROA.165-167 (Depo. of Tijerino, p. 160:14-167:25).
[67] ROA.317 (MSJ Order and Reasons, p. 6).
[68] ROA.258-259 (Opposition to MSJ, p. 11-12).

discrimination.[69]

As Tijerino clearly had, and took, the opportunity to argue to the District Court that Tulane improperly interfered with his "chargeback" and improperly relied on his misuse of the T&E card to justify his termination, his Rule 60(b) motion was properly denied for this reason as well.

**IV.    The Court should disregard all references to "consumer rights violations" and the FMLA.**

To the extent that Tijerino asks this Court to "reconsider" the merits of his underlying claims, the Court should decline.  The deadline to appeal the District Court's final judgment has long since passed, and his dismissed underlying claims are not properly before the Court.  *See United States v. Davison*, 509 F. App'x 330, 332 (5th Cir. 2013) ("An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." (quote omitted)).  Tulane therefore respectfully requests that the Court disregard all of Tijerino's arguments as to the merits of his claims.

Although Tijerino's underlying claims are not properly before this Court, Tulane nonetheless notes, out of an abundance of caution, that the District Court correctly held that Tijerino's FMLA notice claim accrued on January 14, 2019. Because Tijerino filed his complaint on May 6, 2021, his claim was barred by the

---

[69] ROA.318-319 (MSJ Order and Reasons, p. 7-8).

general statute of limitations for FMLA violations.[70]  *See* 29 U.S.C. § 2617(c); *Mozingo v. Oil States Energy, Inc.*, 661 F. App'x 828, 830-31 (5th Cir. 2016) (without evidence of willful violation, lawsuit filed more than two years after alleged FMLA violation is time-barred).  All suggestions otherwise are inappropriate and should be disregarded.

The District Court likewise correctly held that Tijerino's FMLA retaliation claim failed because Tulane terminated Tijerino for legitimate, non-discriminatory reasons, namely (1) using the Tulane T&E Card for personal purchases in violation of Tulane's corporate card policies; (2) failing to report to work without notice; and (3) unilaterally deciding to work remotely full-time in violation of Tulane's attendance policies.[71] *See Jarjoura v. Ericsson, Inc.*, 266 F. Supp. 2d 519, 530 (N.D. Tex.), *aff'd*, 82 F. App'x 998 (5th Cir. 2003) (employee's misuse of company credit card legitimate reason for discipline and termination); *Amsel v. Texas Water Dev. Bd.*, 464 F. App'x 395, 400 (5th Cir. 2012) (noting "the necessity of in-office time for purposes of customer service and team work"); *Eaglin v. Tex. Children's Hosp.*, 801 F. App'x 250, 256 (5th Cir. 2020) (violation of company policy legitimate justification for termination).  On appeal, Tijerino again appears to suggest, without any support, that Tulane's reliance on his misuse of the T&E Card as a reason for

---

[70] ROA.315 (MSJ Order and Reasons, p. 4).
[71] ROA.316-317 (MSJ Order and Reasons, p. 5-6).

termination in violation of his "consumer protection rights" was pretextual. The District Court already considered, and correctly ruled, that Tijerino failed to offer any evidence that Tulane's explanation was pretext for retaliation.[72]

Finally, to the extent Tijerino attempts to assert an FMLA interference claim by claiming that Tulane terminated his employment "during an FMLA-protected event" in his briefing, he failed to make this claim before District Court and cannot do so for the first time on appeal. "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

Regardless, Tulane could not have interfered with Tijerino's entitlement to FMLA because, as the District Court correctly determined, there was no evidence that Tijerino had actually requested FMLA leave.[73] Rather, he had asked to work remotely – which is not an option afforded employees under the FMLA.[74] "The FMLA provides that an employee is entitled to take leave, not to work from home." *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 212 (5th Cir. 2015). Even if Tijerino had requested FMLA leave, he was still absent from work without notice

---

[72] ROA.318-319 (MSJ Order and Reasons, p. 7-8).
[73] ROA.319 (MSJ Order and Reasons, p. 8).
[74] ROA.318-319 (MSJ Order and Reasons, p. 7-8); ROA.143, 180 (Depo. of Tijerino, p. 106:13-15, 208:5-19).

on April 30 as he drove to Iowa, which is not an activity protected by the FMLA.[75]

*See Baham v. McLane Foodservice, Inc.*, 431 F. App'x 345, 348 (5th Cir. 2011) ("Courts have affirmed the use of FMLA leave only where the employee is in physical proximity to the cared-for person."). Tijerino simply cannot prevail on his FMLA claims against Tulane. That he cannot prevail precludes relief under Rule 60(b) and further supports the conclusion that the District Court did not abuse its discretion by denying Tijerino's motion for relief for final judgment.

## CONCLUSION

For the reasons herein, the Court should hold that the District Court did not abuse its discretion by denying Tijerino's "Motion for Leave" and should affirm the District Court's decision.

Respectfully submitted,

*/s/ Amy L. McIntire*
Amy L. McIntire, Bar No. 35241
Rosalie M. Haug, Bar No. 33720
  *Appeal Counsel*
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras St.
New Orleans, LA  70163-2300
Tel: (504) 585-7009, Fax: (504) 544-6092
Email:  mcintire@chaffe.com
    haug@chaffe.com
***Attorneys for Administrators of the***
***Tulane Educational Fund***

---

[75] ROA.318 (MSJ Order and Reasons, p. 7); ROA.183 (Depo. of Tijerino, p. 213:18-25).

## CERTIFICATE OF SERVICE

Undersigned Counsel certifies that a copy of the foregoing Brief has been filed via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure. Undersigned Counsel also certifies that a copy of the foregoing Brief has been served on Pro Se Plaintiff-Appellant via United States Mail and Electronic Mail at the following addresses:

Manuel Tijerino
204 NE 25th Court
Grimes, IA 50111
Email: ManuelTijerino@hotmail.com


*/s/ Amy L. McIntire*
Amy L. McIntire

# <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(A)(7)(B) because:

    a.    this brief contains 5,865 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2.    This brief also complies with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type requirements of FED. R. APP. P. 32(A)(6)

    a.    this brief has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Times New Roman.


*/s/ Amy L. McIntire*
Amy L. McIntire